# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| STEVEN DURELL RICE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 5:20-cv-02070-MHH-NAD |
| | ) |
| KENNETH PETERS, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

In this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Steven Durell Rice, an Alabama state prisoner, challenges his 2016 Madison County convictions and life without parole sentence for first degree kidnapping. (Doc. 1). On January 7, 2022, the Magistrate Judge entered a report pursuant to 28 U.S.C. § 636(b). In the report, the Magistrate Judge recommended that the Court deny Mr. Rice's petition and dismiss this matter with prejudice. (Doc. 28). The Magistrate Judge also recommended that the Court deny Mr. Rice's motions to amend and to stay. (Docs. 23, 24, 28).

The Magistrate Judge notified the parties of their right to file objections to the report and recommendation within 14 days. (Doc. 28, p. 31). Mr. Rice filed a motion seeking additional time to file objections. (Doc. 29). The Magistrate Judge

allowed Mr. Rice an additional 30 days in which to file objections. (Doc. 30). That additional time has expired, and the Court has not received objections from Mr. Rice.

Having reviewed the documents in the Court's electronic docket for this case and considered the Magistrate Judge's report and his recommendation, the Court adopts the Magistrate Judge's analysis with respect to Mr. Rice's ineffective assistance of counsel claims. Even if one of those claims had merit, Mr. Rice cannot demonstrate prejudice with respect to his theories because there is ample evidence to support the jury's verdict, so he cannot demonstrate that, but for the errors he alleges, the result of his trial would have been different. Likewise, the Court adopts the Magistrate Judge's analysis with respect to Mr. Rice's due process claim. Finally, the Court adopts the Magistrate Judge's analysis with respect to Mr. Rice's motion to amend. Here, beyond the absence of an independent federal claim to support a claim of actual innocence, Mr. Rice has not demonstrated factual innocence to support his attempt to add claims of actual innocence to his petition, and legal innocence is not sufficient to secure relief under a claim of actual innocence. Accordingly, by separate order, the Court will dismiss Mr. Rice's petition for writ of habeas corpus with prejudice.

Because the petition does not present issues that are debatable among jurists of reason, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules*

*Governing § 2254 Proceedings*.  If Mr. Rice wishes to appeal, he must request a certificate of appealability from the Eleventh Circuit Court of Appeals.

 **DONE** and **ORDERED** this March 14, 2022.

          _____
          **MADELINE HUGHES HAIKALA**
          UNITED STATES DISTRICT JUDGE